IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES STAFFORD PLAINTIFF

v. Civil No. 4:22-cv-04092-SOH-BAB

ROBERT GENTRY, *et. al.* DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

The precursor to this case was filed by Ronnie Luna, an inmate of the Sevier County Sheriff's Office ("SCSO"), on behalf of himself and 20 other SCSO inmates in *Luna v. Gentry*, Case No. 4:22-cv-04098. Pursuant to the Prison Litigation Reform Act, separate cases for the 20 inmates were opened, including this case. (ECF No. 2). The provisional filing Order directed Plaintiff to file a completed *in forma pauperis* application and an Amended Complaint. (*Id.*) Plaintiff filed his First Amended Complaint on October 4, 2022. (ECF No. 4). When he alleged that SCSO staff refused to complete the required certificate of inmate account, the Court entered an Order directing the Jail Administrator to do so. (ECF No. 8). Plaintiff provided a certificate of

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

account on December 5, 2022, and was granted IFP status on December 20, 2022. (ECF Nos. 9, 10). The Court also entered an Order directing the Clerk to return a copy of Plaintiff's First Amended Complaint so that it could be signed and dated. (ECF No. 12). Plaintiff submitted his Second Amended Complaint on January 10, 2023. (ECF No. 13).

Plaintiff's Complaint is somewhat difficult to follow, but appears to allege that on August 6, 2022, Defendants failed to take appropriate preventive measures to protect him and other inmates from COVID-19, thereby housing him in unsafe conditions. (ECF No. 13 at 6-8). He alleges that one inmate Trustee asked for a COVID test on that day and was denied, but then allowed to pass serving trays and attend classes. (*Id*. at 8). He alleges Defendants knew COVID was in the building but refused to separate inmates with COVID from those without. (*Id*. at 7). Plaintiff further alleges that on August 6, 2022, Defendants refused to provide inmates with cleaning supplies and masks. (*Id*. at 6). Plaintiff admits in his Complaint that he did not get sick. He claims other inmates did become ill. (*Id*.).

Plaintiff proceeds against all Defendants in their official and personal capacity. (*Id*. at 6-7). He seeks compensatory and punitive damages. (*Id*. at 9).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re*

*Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III. ANALYSIS**

Plaintiff failed to state a plausible conditions of confinement claim. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir.1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Prison conditions claims include threats to an inmate's health and safety. *Irving v. Dormire,* 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim the plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825 (1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.' ." *Whitnack v. Douglas County,* 16 F.3d 954, 957 (8th Cir. 1994) (*quoting, Wilson v. Seiter* 501 U.S. 29, (1991)).

This standard involves both an objective and subjective component. The objective component requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834, (1970) (citations omitted); *see also Hudson v. McMillian,* 503 U.S. 1 (1992) (The objective component is "contextual and responsive to contemporary standards of decency.") (quotation omitted). To satisfy the subjective component, an inmate must show that prison officials had "a sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834 (citations omitted); *see also Brown v. Nix,* 33 F.3d 951, 954–55 (8th Cir. 1994). The Eighth Circuit has "repeatedly held mere negligence or inadvertence does not rise to the level of deliberate indifference." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

Here, Plaintiff alleges that on a single day in August 2022, SCSO staff refused to take preventative measures concerning COVID-19, when they "knew that COVID was in the building." Allegations such as these — at most — suggest negligence, which is not sufficient to sustain a deliberate indifference claim. *See Hill v. Page*, Case No. 321CV00046BRWJJV, 2021 WL 2677359, at *1 (E.D. Ark. June 8, 2021), *report and recommendation adopted*, Case No. 321CV00046BRWJJV, 2021 WL 2666851 (E.D. Ark. June 29, 2021), *aff'd*, 21-2782, Case No. 2021 WL 6808426 (8th Cir. Dec. 23, 2021) (collecting cases holding that inconsistent use of masks and other COVID prevention actions on a few occasions were mere negligence.)). Additionally,

Plaintiff stated that he did not become ill as a result of any exposure to COVID -19. See *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (As is the case with all Eighth Amendment claims, a prisoner must suffer some actual, non-*de minimus* injury in order to receive compensation.) Thus, Plaintiff failed to state a plausible conditions of confinement claim.

**IV. CONCLUSION**

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **2nd day of February 2023**.

/s/ Barry A. Bryant

HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE